# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-08-210-F |
| | ) |
| LARRY COLLIER TAYLOR, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant, Larry Collier Taylor, Jr., was charged by Indictment on August 19, 2008, with one count of carjacking in violation of 18 U.S.C. § 2119 (Count One), one count of bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count Two), and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). On October 15, 2008, a jury found defendant guilty on all counts. The court sentenced defendant on March 9, 2009, to a term of imprisonment for 181 months (97 months on Count One and Count Two, and 84 months on Count Three, to run consecutively) followed by five years of supervised release.

Presently, the court is in receipt of a letter, filed June 29, 2020, from defendant, requesting a recommendation from the court to the Bureau of Prisons ("BOP") of "at least twelve months [in a] halfway house." Doc. no. 139. Defendant states that his projected release date is October 3, 2021. The court construes defendant's letter as a motion requesting judicial recommendation of halfway house or residential reentry center placement for the last twelve months of defendant's

sentence. The court finds no response from the government to the motion is required.

"Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to designate where a federal inmate will be imprisoned and to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" Ciocchetti v. Wiley, 358 Fed. Appx. 20, 22 (10th Cir. 2009) (quoting 18 U.S.C. § 3621(b)). Halfway houses or residential reentry centers (RRCs) are among the penal or correctional facilities which the BOP may designate for inmate placement. Id.; see also, 28 C.F.R. § 570.20.

In making any designation or transfer decisions pursuant to § 3621(b), the BOP considers the following five factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) *any statement by the court that imposed the sentence-*
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) *recommending a type of penal or correctional facility as appropriate*; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b) (emphasis added).

In addition, 18 U.S.C. 3624(c) governs "'pre-release custody,' and directs the BOP to transfer inmates to RRCs . . . as they approach the end of their sentences in an effort to better prepare the inmates for re-entry into the community." Ciocchetti, 358 Fed. Appx. at 22. Prior to 2008, the maximum amount of time available for pre-release residential reentry was six months. Garza v. Davis, 596 F.3d 1198, 1202

2

(10th Cir. 2010).  The Second Chance Act of 2007, Pub. L. No. 110-119, § 251, 122 Stat. 657, 692 (2008), increased the maximum time available for pre-release residential reentry from six months to twelve months.  *See*, 18 U.S.C. § 3624(c)(1).

The pertinent statute states:

> The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford a prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Assuming without deciding that the court may issue a post-sentencing judicial recommendation as to halfway house or RRC placement, *see*, Carter v. United States, No. 17-C-1325, 2018 WL 2376513, at *3 (E.D. Wis. May 24, 2018), the court declines to do so.  The court opines that it does not have sufficient information about defendant to make an informed recommendation regarding halfway house or RRC placement, including the appropriate length of time for defendant to spend in a halfway house or RRC.  The court commends defendant for participating in education courses since 2010 and having no incident reports in the last six months, however, the court concludes that the BOP is in the best position to evaluate halfway house or RRC placement, including the length of time defendant should serve in a halfway house or RRC.

Even if the court were to be inclined to issue a judicial recommendation, the court notes that such recommendation would not be binding on the BOP.  18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility

shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

To the extent defendant wants to challenge any determination by the BOP regarding the execution of his sentence, the proper vehicle would be a petition for writ of habeas corpus under 28 U.S.C. § 2241. Such petition must be filed in the district where the prisoner is confined. *See*, Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011). Further, exhaustion of administrative remedies is a prerequisite to the filing of the petition. *See*, Ciocchetti, 358 Fed. Appx. at 24 (citing Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam)).

Accordingly, the letter, filed June 29, 2020, from defendant, Larry Collier Taylor, Jr., construed as a motion requesting judicial recommendation of halfway house or residential reentry center placement for the last twelve months of defendant's sentence (doc. no. 139), is **DENIED**.

IT IS SO ORDERED this 2nd day of July, 2020.

/s/ SP Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0210p022.docx